Michael K. Friedland (SBN 157,217)
michael.friedland@knobbe.com
Lauren Keller Katzenellenbogen (SBN 223,370)
lauren.katzenellenbogen@knobbe.com
Ali S. Razai (SBN 246,922)
ali.razai@knobbe.com
Kent N. Shum (SBN 259,189)
kent.shum@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Telephone: (949) 760-0404
Facsimile:  (949) 760-9502

Attorneys for Plaintiff Oakley, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| OAKLEY, INC., a Washington corporation,<br><br>            Plaintiff,<br><br>      v.<br><br>ELITE EYEWEAR LLC d/b/a JR OPTICS, a California limited liability company,<br><br>            Defendant. | Civil Action No. 16-cv-89<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Oakley, Inc. ("Oakley") hereby complains of Elite Eyewear LLC d/b/a JR Optics ("Defendant") and alleges as follows:

## I. JURISDICTION

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338, as it arises under the patent laws of the United States.

2. This Court has personal jurisdiction over Defendant because Defendant has a continuous, systematic, and substantial presence within this judicial district including by selling and offering for sale infringing products in this judicial district, and by committing acts of patent infringement in this judicial district, including but not limited to selling infringing eyewear directly to consumers and/or retailers in this district and selling into the stream of commerce knowing such products would be sold in California and this district, which acts form a substantial part of the events or omissions giving rise to Oakley's claim.

3. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (d).

## II. THE PARTIES

4. Oakley is a corporation organized and existing under the laws of the State of Washington, having its principal place of business at One Icon, Foothill Ranch, California 92610.

5. Oakley is informed and believes, and thereon alleges, that Defendant Elite Eyewear LLC d/b/a JR Optics is a company organized and existing under the laws of the State of California, having its principal place of business at 20836 Carrey Road, Walnut, California 91789.

6. Oakley is informed and believes, and thereon alleges, that Defendant has committed the acts alleged herein within this judicial district.

/ / /

- 1 -

## III. GENERAL ALLEGATIONS

7. Oakley is one of the world's most iconic brands. The company and its products, particularly in the realm of eyewear, are instantly and universally recognized for their innovative technology and distinctive style. Since its founding, Oakley's engineers and designers have worked continuously to bring new technology and breakthrough designs to the market.

8. Oakley has been actively engaged in the manufacture and sale of high quality eyewear since at least 1985. Oakley is the manufacturer and retailer of several lines of eyewear that have enjoyed substantial success and are protected by various intellectual property rights owned by Oakley.

9. On May 13, 2008, the United States Patent and Trademark Office duly and lawfully issued United States Design Patent No. D568,917 ("the D917 Patent"), titled "UNITARY EYEGLASS LENS." Oakley is the owner by assignment of all right, title, and interest in the D917 Patent. A true and correct copy of the D917 Patent is attached hereto as Exhibit A.

10. On November 25, 2008, the United States Patent and Trademark Office duly and lawfully issued United States Design Patent No. D581,443 ("the D443 Patent"), titled "EYEGLASSES COMPONENTS." Oakley is the owner by assignment of all right, title, and interest in the D443 Patent. A true and correct copy of the D443 Patent is attached hereto as Exhibit B.

11. On May 8, 2012, the United States Patent and Trademark Office duly and lawfully issued United States Design Patent No. D659,180 ("the D180 Patent"), titled "EYEGLASS." Oakley is the owner by assignment of all right, title, and interest in the D180 Patent. A true and correct copy of the D180 Patent is attached hereto as Exhibit C.

12. On February 23, 2010, the United States Patent and Trademark Office duly and lawfully issued United States Design Patent No. D610,604 ("the D604 Patent"), titled "EYEGLASS AND EYEGLASS COMPONENTS."

Oakley is the owner by assignment of all right, title, and interest in the D604 Patent. A true and correct copy of the D604 Patent is attached hereto as Exhibit D.

13. On June 1, 2010, the United States Patent and Trademark Office duly and lawfully issued United States Design Patent No. D616,919 ("the D919 Patent"), titled "EYEGLASS FRONT." Oakley is the owner by assignment of all right, title, and interest in the D919 Patent. A true and correct copy of the D919 Patent is attached hereto as Exhibit E.

14. On August 3, 2010, the United States Patent and Trademark Office duly and lawfully issued United States Design Patent No. D620,970 ("the D970 Patent"), titled "EYEGLASS COMPONENT." Oakley is the owner by assignment of all right, title, and interest in the D970 Patent. A true and correct copy of the D970 Patent is attached hereto as Exhibit F.

15. On November 29, 2011, the United States Patent and Trademark Office duly and lawfully issued United States Design Patent No. D649,579 ("the D579 Patent"), titled "EYEGLASS." Oakley is the owner by assignment of all right, title, and interest in the D579 Patent. A true and correct copy of the D579 Patent is attached hereto as Exhibit G.

16. On December 11, 2007, the United States Patent and Trademark Office duly and lawfully issued United States Design Patent No. D557,326 ("the D326 Patent"), titled "EYEGLASS COMPONENTS." Oakley is the owner by assignment of all right, title, and interest in the D326 Patent. A true and correct copy of the D326 Patent is attached hereto as Exhibit H.

17. On June 5, 2012, the United States Patent and Trademark Office duly and lawfully issued United States Design Patent No. D661,339 ("the D339 Patent"), titled "EYEGLASS." Oakley is the owner by assignment of all right, title, and interest in the D339 Patent. A true and correct copy of the D339 Patent is attached hereto as Exhibit I.

18. The D917 Patent, the D443 Patent, the D180 Patent, the D604 Patent, the D919 Patent, the D970 Patent, the D579 Patent, the D326 Patent, and the D339 Patent are hereinafter collectively referred to as the "Asserted Patents."

19. Oakley has provided the public with constructive notice of its patent rights pursuant to 35 U.S.C. § 287.

20. Defendant manufactures, uses, sells, offers for sale, and/or imports into the United States eyewear that infringes Oakley's intellectual property rights.

21. Defendant's acts complained of herein have caused Oakley to suffer irreparable injury to its business. Oakley will suffer substantial loss of goodwill and reputation unless and until Defendant is preliminarily and permanently enjoined from its wrongful actions complained of herein.

### IV. CLAIM FOR RELIEF
(Patent Infringement – 35 U.S.C. § 271)

22. Oakley repeats and re-alleges the allegations of paragraphs 1–21 of this Complaint as if set forth fully herein.

23. This is a claim for patent infringement under 35 U.S.C. § 271.

24. Defendant, through its agents, employees, and servants has, and continues to, knowingly, intentionally, and willfully directly infringe the D917 Patent, the D443 Patent, and the D180 Patent by making, using, selling, offering for sale, and/or importing eyewear having a design that would appear to an ordinary observer to be substantially similar to the claims of the D917 Patent, the D443 Patent, and the D180 Patent, including for example, Defendant's eyewear model 4212 as shown below.

/ / /

/ / /

/ / /

- 4 -



25. Defendant's acts of infringement of the D917 Patent, the D443 Patent, and the D180 Patent were undertaken without permission or license from Oakley. Upon information and belief, Defendant had actual knowledge of

Oakley's rights in the design claimed in the D917 Patent, the D443 Patent, and the D180 Patent. Oakley and its iconic designs are well-known throughout the eyewear industry, and Defendant's eyewear model 4212 is an obvious knockoff of Oakley's design. Accordingly, Defendant's actions constitute willful and intentional infringement of the D917 Patent, the D443 Patent, and the D180 Patent. Defendant infringed the D917 Patent, the D443 Patent, and the D180 Patent with reckless disregard of Oakley's patent rights. Defendant knew, or it was so obvious that Defendant should have known, that its actions constituted infringement of the D917 Patent, the D443 Patent, and the D180 Patent. Defendant's acts of infringement of the D917 Patent, the D443 Patent, and the D180 Patent were not consistent with the standards of commerce for its industry.

26. Defendant, through its agents, employees, and servants has, and continues to, knowingly, intentionally, and willfully directly infringe the D604 Patent, the D919 Patent, and the D970 Patent by making, using, selling, offering for sale, and/or importing eyewear having a design that would appear to an ordinary observer to be substantially similar to the claims of the D604 Patent, the D919 Patent, and the D970 Patent, including for example, Defendant's eyewear model 7306CW as shown below.

| Accused Product | Oakley's Patent |
|---|---|
| 7306CW | U.S. Patent No. D610,604 |





27. Defendant's acts of infringement of the D604 Patent, the D919 Patent, and the D970 Patent were undertaken without permission or license from Oakley. Upon information and belief, Defendant had actual knowledge of Oakley's rights in the design claimed in the D604 Patent, the D919 Patent, and the D970 Patent. Oakley and its iconic designs are well-known throughout the eyewear industry, and Defendant's eyewear model 7306CW is a nearly identical copy of Oakley's design. Accordingly, Defendant's actions constitute willful and intentional infringement of the D604 Patent, the D919 Patent, and the D970 Patent. Defendant infringed the D604 Patent, the D919 Patent, and the D970 Patent with reckless disregard of Oakley's patent rights. Defendant knew, or it was so obvious that Defendant should have known, that its actions constituted infringement of the D604 Patent, the D919 Patent, and the D970 Patent.

- 7 -

1  Defendant's acts of infringement of the D604 Patent, the D919 Patent, and the
2  D970 Patent were not consistent with the standards of commerce for its
3  industry.
4      28.    Defendant, through its agents, employees, and servants has, and
5  continues to, knowingly, intentionally, and willfully directly infringe the D604
6  Patent and the D919 Patent by making, using, selling, offering for sale, and/or
7  importing eyewear having a design that would appear to an ordinary observer to
8  be substantially similar to the claims of the D604 Patent and the D919 Patent,
9  including for example, Defendant's eyewear model 314L as shown below.

| Accused Product | Oakley's Patent |
|---|---|
| 314L | U.S. Patent No. D610,604 |
|  | U.S. Patent No. D616,919 |

29.    Defendant's acts of infringement of the D604 Patent and the D919 Patent were undertaken without permission or license from Oakley. Upon

- 8 -

information and belief, Defendant had actual knowledge of Oakley's rights in the design claimed in the D604 Patent and the D919 Patent. Oakley and its iconic designs are well-known throughout the eyewear industry, and Defendant's eyewear model 314L is an obvious knockoff of Oakley's design. Accordingly, Defendant's actions constitute willful and intentional infringement of the D604 Patent and the D919 Patent. Defendant infringed the D604 Patent and the D919 Patent with reckless disregard of Oakley's patent rights. Defendant knew, or it was so obvious that Defendant should have known, that its actions constituted infringement of the D604 Patent and the D919 Patent. Defendant's acts of infringement of the D604 Patent and the D919 Patent were not consistent with the standards of commerce for its industry.

30. Defendant, through its agents, employees, and servants has, and continues to, knowingly, intentionally, and willfully directly infringe the D579 Patent by making, using, selling, offering for sale, and/or importing eyewear having a design that would appear to an ordinary observer to be substantially similar to the claim of the D579 Patent, including for example, Defendant's eyewear model 318L as shown below.

| Accused Product | Oakley's Patent |
|---|---|
| 318L | U.S. Patent No. D649,579 |

31. Defendant's acts of infringement of the D579 Patent were undertaken without permission or license from Oakley. Upon information and

- 9 -

belief, Defendant had actual knowledge of Oakley's rights in the design claimed in the D579 Patent. Oakley and its iconic designs are well-known throughout the eyewear industry, and Defendant's eyewear model 318L is a nearly identical copy of Oakley's design. Accordingly, Defendant's actions constitute willful and intentional infringement of the D579 Patent. Defendant infringed the D579 Patent with reckless disregard of Oakley's patent rights. Defendant knew, or it was so obvious that Defendant should have known, that its actions constituted infringement of the D579 Patent. Defendant's acts of infringement of the D579 Patent were not consistent with the standards of commerce for its industry.

32. Defendant, through its agents, employees, and servants has, and continues to, knowingly, intentionally, and willfully directly infringe the D326 Patent by making, using, selling, offering for sale, and/or importing eyewear having a design that would appear to an ordinary observer to be substantially similar to the claim of the D326 Patent, including for example, Defendant's eyewear model 311L as shown below.

| Accused Product | Oakley's Patent |
|---|---|
| 311L | U.S. Patent No. D557,326 |

33. Defendant's acts of infringement of the D326 Patent were undertaken without permission or license from Oakley. Upon information and belief, Defendant had actual knowledge of Oakley's rights in the design claimed in the D326 Patent. Oakley and its iconic designs are well-known throughout

the eyewear industry, and the stems of Defendant's eyewear model 311L is an obvious knockoff of Oakley's design. Accordingly, Defendant's actions constitute willful and intentional infringement of the D326 Patent. Defendant infringed the D326 Patent with reckless disregard of Oakley's patent rights. Defendant knew, or it was so obvious that Defendant should have known, that its actions constituted infringement of the D326 Patent. Defendant's acts of infringement of the D326 Patent were not consistent with the standards of commerce for its industry.

34. Defendant, through its agents, employees, and servants has, and continues to, knowingly, intentionally, and willfully directly infringe the D339 Patent by making, using, selling, offering for sale, and/or importing eyewear having a design that would appear to an ordinary observer to be substantially similar to the claim of the D339 Patent, including for example, Defendant's eyewear model Dxtreme – DXT5318/CM as shown below.

| Accused Product | Oakley's Patent |
|---|---|
| Dxtreme – DXT5318/CM | U.S. Patent No. D661,339 |

35. Defendant's acts of infringement of the D339 Patent were undertaken without permission or license from Oakley. Upon information and belief, Defendant had actual knowledge of Oakley's rights in the design claimed in the D339 Patent. Oakley and its iconic designs are well-known throughout the eyewear industry, and Defendant's eyewear model Dxtreme –

1. DXT5318/CM is a nearly identical copy of Oakley's design. Accordingly, Defendant's actions constitute willful and intentional infringement of the D339 Patent. Defendant infringed the D339 Patent with reckless disregard of Oakley's patent rights. Defendant knew, or it was so obvious that Defendant should have known, that its actions constituted infringement of the D339 Patent. Defendant's acts of infringement of the D339 Patent were not consistent with the standards of commerce for its industry.

36. As a direct and proximate result of Defendant's patent infringement, Defendant has derived and received gains, profits, and advantages in an amount not presently known to Oakley.

37. Pursuant to 35 U.S.C. § 284, Oakley is entitled to damages for Defendant's infringing acts and treble damages together with interests and costs as fixed by this Court.

38. Pursuant to 35 U.S.C. § 289, Oakley is entitled to Defendant's total profits from the sale of eyewear that infringe Oakley's patent rights.

39. Pursuant to 35 U.S.C. § 285, Oakley is entitled to reasonable attorneys' fees for the necessity of bringing this claim.

40. Due to the aforesaid infringing acts, Oakley has suffered great and irreparable injury, for which Oakley has no adequate remedy at law.

41. Defendant will continue to directly and/or indirectly infringe Oakley's patent rights to the great and irreparable injury of Oakley, unless enjoined by this Court.

**WHEREFORE**, Oakley prays for judgment in its favor against Defendant for the following relief:

A. An Order adjudging Defendant to have willfully infringed the Asserted Patents under 35 U.S.C. § 271;

B. A preliminary and permanent injunction enjoining Defendant, its respective officers, directors, agents, servants, employees, and attorneys, and

those persons in active concert or participation with Defendant, from directly or indirectly infringing the Asserted Patents in violation of 35 U.S.C. § 271;

  C. That Defendant accounts for all gains, profits, and advantages derived by Defendant's infringement of the Asserted Patents in violation of 35 U.S.C. § 271, and that Defendant pays to Oakley all damages suffered by Oakley and/or Defendant's total profit from such infringement pursuant to 35 U.S.C. § 289;

  D. An Order for a trebling of damages and/or exemplary damages because of Defendant's willful conduct pursuant to 35 U.S.C. § 284;

  E. An Order adjudging that this is an exceptional case;

  F. An award to Oakley of the attorney fees, expenses, and costs incurred by Oakley in connection with this action pursuant to 35 U.S.C. § 285;

  G. An award of pre-judgment and post-judgment interest and costs of this action against Defendant; and

  H. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: January 20, 2016  By: */s/ Lauren Keller Katzenellenbogen*
    Michael K. Friedland
    michael.friedland@knobbe.com
    Lauren Keller Katzenellenbogen
    lauren.katzenellenbogen@knobbe.com
    Ali S. Razai
    ali.razai@knobbe.com
    Kent N. Shum
    kent.shum@knobbe.com

Attorneys for Plaintiff Oakley, Inc.

## DEMAND FOR JURY TRIAL

Plaintiff Oakley, Inc. hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: January 20, 2016

By: */s/ Lauren Keller Katzenellenbogen*
Michael K. Friedland
michael.friedland@knobbe.com
Lauren Keller Katzenellenbogen
lauren.katzenellenbogen@knobbe.com
Ali S. Razai
ali.razai@knobbe.com
Kent N. Shum
kent.shum@knobbe.com

Attorneys for Plaintiff Oakley, Inc.

22459652